Andrew G. Dietderich
Brian D. Glueckstein
Alexa J. Kranzley
Christian P. Jensen
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004-2498
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

*Proposed Counsel to the Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ———————————————— x | |
| In re | Chapter 11 |
| | |
| LSC COMMUNICATIONS, INC., *et al.*,[1] | Case No. 20-10950 (SHL) |
| | |
| Debtors. | Joint Administration Pending |
| ———————————————— x | |

**NOTICE OF REVISED PROPOSED INTERIM ORDER (I) AUTHORIZING, BUT NOT DIRECTING, THE DEBTORS TO (A) CONTINUE TO USE THEIR CASH MANAGEMENT SYSTEM, INCLUDING EXISTING BANK ACCOUNTS, (B) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO AND (C) MAINTAIN EXISTING BUSINESS FORMS, (II) AUTHORIZING INTERCOMPANY TRANSACTIONS, (III) WAIVING THE REQUIREMENTS OF SECTION 345(b) AND (IV) GRANTING RELATED RELIEF**

PLEASE TAKE NOTICE that on April 13, 2020, LSC Communications, Inc. and

certain of its affiliated debtors and debtors-in-possession (collectively, the "Debtors") filed the

---

[1] The Debtors in these Chapter 11 Cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: LSC Communications, Inc. (9580); Courier Communications LLC (2268); Courier Kendallville, Inc. (4679); Courier New Media, Inc. (1312); Dover Publications, Inc. (0853); LSC Communications Logistics, LLC (9496); LSC Communications MM LLC (5577); LSC Communications US, LLC (4157); LSC International Holdings, Inc. (4995); National Publishing Company (8213); Publishers Press, LLC (7265); Continuum Management Company, LLC (2627); Clark Distribution Systems, Inc. (5778); Clark Holdings Inc. (9172); Clark Worldwide Transportation, Inc. (5773); The Clark Group, Inc. (6223); Courier Companies, Inc. (7588); Courier Publishing, Inc. (3681); F.T.C. Transport, Inc. (8699); LibreDigital, Inc. (7160); LSC Communications Printing Company (7012); and Research & Education Association, Inc. (3922). The Debtors' corporate headquarters is located at 191 N. Wacker Drive, Suite 1400, Chicago, IL 60606.

*Debtors' Motion for Interim and Final Orders (I) Authorizing, But Not Directing, the Debtors to*
*(A) Continue to Use Their Cash Management System, Including Existing Bank Accounts,*
*(B) Honor Certain Prepetition Obligations Related Thereto and (C) Maintain Existing Business*
*Forms, (II) Authorizing Intercompany Transactions, (III) Waiving the Requirements of Section*
*345(b) and (IV) Granting Related Relief* [D.I. 13] (the "Motion").[2]  By the Motion, the Debtors
sought entry of an interim order (the "Proposed Interim Order") and a final order, attached as
Exhibits A and B to the Motion, respectively.

PLEASE TAKE FURTHER NOTICE that following discussions with certain
parties-in-interest, the Debtors have revised the Proposed Interim Order, a copy of which is
attached hereto as **Exhibit A**.  A blackline of the revised Proposed Interim Order marked against
the original Proposed Interim Order is attached hereto as **Exhibit B**.

PLEASE TAKE FURTHER NOTICE that the undersigned counsel will present
the revised Proposed Interim Order to the Court at the hearing to be held on **Tuesday, April 14,**
**2020 at 11 a.m. (ET)**.

PLEASE TAKE FURTHER NOTICE that copies of the Motion and the revised
Proposed Interim Order may be obtained from the Court's website, https://ecf.nysb.uscourts.gov,
for a nominal fee, or obtained free of charge by accessing the website of the Debtors' claims and
noticing agent, https://cases.primeclerk.com/LSC.

Dated: April 14, 2020                               */s/ Andrew G. Dietderich*
New York, New York                              Andrew G. Dietderich
                                           Brian D. Glueckstein
                                           Alexa J. Kranzley
                                           Christian P. Jensen
                                           SULLIVAN & CROMWELL LLP
                                           125 Broad Street
                                           New York, New York  10004

---

[2]    Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

Telephone:    (212) 558-4000
Facsimile:    (212) 558-3588
E-mail:    dietdericha@sullcrom.com
    gluecksteinb@sullcrom.com
    kranzleya@sullcrom.com
    jensenc@sullcrom.com

*Proposed Counsel to the Debtors*

# <u>EXHIBIT A</u>

**Revised Proposed Interim Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____x
:
In re                                                    :        Chapter 11
:
:
LSC COMMUNICATIONS, INC., *et al*.,[1]                    :        Case No. 20-10950 (SHL)
:
Debtors.                          :        Jointly Administered
:
:
_____x

### INTERIM ORDER (I) AUTHORIZING, BUT NOT DIRECTING, THE DEBTORS TO (A) CONTINUE TO USE THEIR CASH MANAGEMENT SYSTEM, INCLUDING EXISTING BANK ACCOUNTS, (B) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO AND (C) MAINTAIN EXISTING BUSINESS FORMS, (II) AUTHORIZING INTERCOMPANY TRANSACTIONS, (III) WAIVING THE REQUIREMENTS OF SECTION 345(b) AND (IV) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of LSC Communications, Inc. and certain of its

affiliated debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order

(this "Interim Order") (a) authorizing, but not directing, the Debtors to (i) continue to use their

Cash Management System, including existing Bank Accounts, (ii) honor certain prepetition

obligations related thereto and (iii) maintain their existing business forms; (b) authorizing the

Debtors to continue to perform intercompany transactions with each other and with non-debtor

---

[1]    The Debtors in these Chapter 11 Cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: LSC Communications, Inc. (9580); Courier Communications LLC (2268); Courier Kendallville, Inc. (4679); Courier New Media, Inc. (1312); Dover Publications, Inc. (0853); LSC Communications Logistics, LLC (9496); LSC Communications MM LLC (5577); LSC Communications US, LLC (4157); LSC International Holdings, Inc. (4995); National Publishing Company (8213); Publishers Press, LLC (7265); Continuum Management Company, LLC (2627); Clark Distribution Systems, Inc. (5778); Clark Holdings Inc. (9172); Clark Worldwide Transportation, Inc. (5773); The Clark Group, Inc. (6223); Courier Companies, Inc. (7588); Courier Publishing, Inc. (3681); F.T.C. Transport, Inc. (8699); LibreDigital, Inc. (7160); LSC Communications Printing Company (7012); and Research & Education Association, Inc. (3922). The Debtors' corporate headquarters is located at 191 N. Wacker Drive, Suite 1400, Chicago, IL 60606.

[2]    Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

affiliates on a postpetition basis in the ordinary course of business; (c) waiving the requirements

of section 345(b) of the Bankruptcy Code to the extent such requirements are inconsistent with

the Debtors' current practices and (d) granting related relief, including scheduling a final hearing

to consider approval of the Motion on a final basis; and this Court having jurisdiction to consider

the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and venue of these Chapter 11 Cases and the

Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter

being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper

and adequate notice of the Motion and the relief requested therein has been provided in

accordance with the Bankruptcy Rules and the Local Rules of the United States Bankruptcy

Court for the Southern District of New York (the "Local Rules"), and that, except as otherwise

ordered herein, no other or further notice is necessary; and any objections (if any) to the Motion

having been withdrawn or overruled on the merits; and a hearing having been held to consider

the relief requested in the Motion and upon the record of the hearing and all of the proceedings

had before this Court; and this Court having found and determined that the relief sought in the

Motion is in the best interests of the Debtors, their estates, their creditors and all other parties-in-

interest; and that the legal and factual bases set forth in the Motion establish just cause for the

relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED on an interim basis as set forth herein.

2.      The Debtors are (a) authorized, but not directed, on an interim basis and in

the reasonable exercise of their business judgment, to: (i) continue operating the Cash

Management System as illustrated on Exhibit C attached to the Motion, (ii) honor their

prepetition obligations related thereto and (iii) maintain their existing Business Forms; and (b)

authorized to continue to perform Intercompany Transactions with each other and with their non-debtor affiliates on a postpetition basis in the ordinary course of business and consistent with historical practice; *provided* that the aggregate net intercompany liability owed by Debtors to non-debtor affiliates shall not decrease by more than $10 million during the first 30 days after the Petition Date.

3.       The Debtors are authorized, but not directed, on an interim basis and in the reasonable exercise of their business judgment to: (a) continue to use, with the same account numbers, the Bank Accounts in existence as of the Petition Date, including those accounts identified on <u>Exhibit D</u> attached to the Motion; (b) treat the Bank Accounts for all purposes as accounts of the Debtors as debtors-in-possession and to maintain and continue to use such accounts in the same manner with the same account numbers, styles and document forms as those employed prior to the Petition Date; (c) deposit funds in and withdraw funds from the Bank Accounts by all usual means, including checks, wire transfers, ACH transfers and other debits; (d) pay the Prepetition Bank Fees, in addition to any other Bank Fees for prepetition transactions that are charged postpetition; (e) reimburse the Cash Management Banks[3] for any claims arising before, on or after the Petition Date in connection with customer checks deposited with the Cash Management Banks that have been dishonored or returned as a result of insufficient funds; (f) pay any ordinary course Bank Fees incurred in connection with the Bank Accounts and any related cash management, treasury and accounting services, and to otherwise perform their obligations under any and all documents and agreements governing the Bank Accounts and related cash management, treasury and accounting services, irrespective of whether such fees

---

[3]    The term "Cash Management Banks," as used in this Interim Order, shall include, in addition to those Banks with which the Debtors already maintain accounts, any other banks with which the Debtors open new accounts pursuant to the terms of this Interim Order.

arose prior to or after the Petition Date; and (g) otherwise perform their obligations under the documents governing the Bank Accounts.

4.      The Debtors are authorized, on an interim basis, to continue to use the Card Program in the ordinary course of business in accordance with the terms of the Card Agreement[4], to honor all past and future Card Obligations arising under the Card Program and to make timely payments on account of charges that were made under the Card Program prior to the Petition Date.  The Debtors are further authorized to continue to use the Card Program under the Card Agreement, subject to the terms and conditions thereof and further subject to the terms of any applicable debtor-in-possession financing orders and related loan documents pursuant to which the Card Obligations are included as obligations thereunder.  On an interim basis, Bank of America may rely on the representations of the Debtors with respect to their use of the Card Program pursuant to the Card Agreement, and Bank of America shall not have any liability to any party for relying on such representations by the Debtors as provided for herein.  In the event that the Debtors fail to make any timely payment to Bank of America in respect of the Card Obligations during the duration of this Interim Order, Bank of America is authorized, in its discretion, to terminate the Card Program and/or seek payment for the amount of any unpaid Card Obligations without further order of the Court; *provided, however*, that any such termination must be consistent with the terms and provisions of the Card Agreement.  To the extent necessary, Bank of America is hereby granted relief from the stay imposed under Bankruptcy Code section 362 for purposes of this paragraph 4.

5.      The Debtors are authorized, but not directed, to continue using in their present forms, the Business Forms as well as checks and other documents related to the Bank

---

[4]    The term "Card Agreement," as used in this Interim Order, means, collectively, the existing agreements between the Debtors and Bank of America in respect of the Card Program.

Accounts existing immediately before the Petition Date without reference to the Debtors' status as debtors-in-possession; *provided, however*, within 15 days of the date of entry of this Interim Order the Debtors shall ensure that any new Business Forms and checks shall have the designation "Debtor in Possession" clearly labeled with the corresponding chapter 11 case number on all such Business Forms and checks; *provided, further, however*, with respect to any Business Forms that exist or are generated electronically, the Debtors shall ensure that such electronic Business Forms are clearly labeled "Debtor-in-Possession".

6.      The Cash Management Banks are authorized to permit the Debtors to continue to use the Cash Management System currently in place, as such Cash Management System is more fully described in the Motion, and manage the Debtors' cash in a manner consistent with the Debtors' prepetition practices.  Such Cash Management Banks are hereby authorized, but not directed, to continue to maintain, service and administer all of the Bank Accounts as accounts of the Debtors as debtors-in-possession without interruption and in the ordinary course of business in a manner consistent with any agreements between the Cash Management Banks and the Debtors that existed prior to and as of the Petition Date, and to receive, process, honor and pay any and all checks, drafts, wires, ACH transfers, credit card payments, other electronic transfer requests and other items which originated (a) prepetition and were presented prepetition but honored postpetition, (b) prepetition but presented to the Cash Management Banks for payment on a postpetition basis, and (c) postpetition and are presented to the Cash Management Banks for payment on a postpetition basis; *provided, however*, that none of the Cash Management Banks shall be required to make transfers from or honor any draws or presentations against any of the Bank Accounts except to the extent of collected funds available in such respective Bank Accounts; *provided, further, however*, the Debtors may provide the Cash

Management Banks specific instructions to dishonor or refuse to pay particular prepetition

checks, drafts and other items presented for payment against the Bank Accounts, subject to the

normal procedures, fees and charges set forth in the account agreements relating to the Bank

Accounts, and the Cash Management Banks shall use commercially reasonable efforts to comply

with all such specific instructions.

7.      The Debtors' credit card processors are authorized to process payments in

the ordinary course of business, including the netting out of any fees and/or chargebacks arising

before, on or after the Petition Date.

8.      The Debtors and each Cash Management Bank are hereby authorized to

continue to perform pursuant to the terms of any prepetition cash management agreements that

may exist between them, except to the extent otherwise directed by the terms of this Interim

Order and except as amended, modified, or supplemented by any agreement between the Debtors

and such Cash Management Bank.  The parties to such agreements shall continue to enjoy the

rights and remedies afforded them under such agreements, except to the extent expressly

modified by the terms of this Interim Order or by operation of the Bankruptcy Code.

9.      The Cash Management Banks participating in the Cash Management

System shall not be liable to the Debtors, their estates or their creditors for honoring or

dishonoring a prepetition or postpetition check or other item drawn on any of the Bank Accounts

as a result of this Interim Order or at the direction of the Debtors.  None of the Cash

Management Banks shall have any liability to any person for any operational processing errors or

other mistakes which are the result of human error or made despite implementation of reasonable

item handling procedures, including, without limitation, any inadvertent dishonoring of any

payment or other disbursement directed to be made by the Debtors.  None of the Cash

Management Banks shall be responsible for monitoring, or liable to any person for honoring, any payment or other transfer made or directed by any of the Debtors in contravention of the terms of this Interim Order, any interim or final cash collateral orders entered with respect to the Debtors, or any other order of the Court.

10.     The Debtors shall maintain accurate and detailed records of all transfers and transactions, including Intercompany Transactions, within the Cash Management System such that all postpetition transfers and transactions are adequately and promptly documented in, and readily ascertainable from, and traced and recorded properly on, their books and records.

11.     The Debtors are authorized to continue Intercompany Transactions arising in the ordinary course of business, including Intercompany Transactions with their non-debtor affiliates; *provided* that the aggregate net intercompany liability owed by Debtors to non-debtor affiliates shall not decrease by more than $10 million during the first 30 days after the Petition Date.  In connection therewith, the Debtors shall continue to maintain current records with respect to all transfers of cash so that all transactions, including Intercompany Transactions, may be readily ascertained, traced and recorded properly on applicable accounts.  All postpetition payments from one Debtor to another or from a non-debtor affiliate to a Debtor, under any postpetition Intercompany Transaction authorized hereunder, are hereby accorded administrative expense priority status under section 503(b) of the Bankruptcy Code.  The Debtors are authorized, but not directed, to set off mutual postpetition obligations relating to intercompany receivables and payables through the Cash Management System.

12.     Nothing contained herein shall prevent the Debtors from opening any new bank accounts or closing any of the Bank Accounts as the Debtors may deem necessary and appropriate; *provided, however*, that prior to opening any new bank accounts or closing any of

the Bank Accounts, the Debtors shall provide notice of the Debtors' intentions with respect

thereto, as soon as reasonably practicable, to (i) the U.S. Trustee, (ii) counsel to Bank of

America, as administrative agent for the Debtors' prepetition credit facility, (iii) any committee

appointed in these Chapter 11 Cases (and the counsel to any such committee), (iv) counsel to the

ad hoc group of term lenders, Arnold & Porter Kaye Scholer LLP, and (v) counsel to the ad hoc

group of secured noteholders, Paul, Weiss, Rifkind, Wharton & Garrison LLP; *provided, further,*

*however*, that the Debtors shall open any new such bank accounts at banks that have executed a

Uniform Depository Agreement with the U.S. Trustee, or at such banks that are willing to

promptly execute such an agreement.  Nothing contained in this Interim Order shall prevent any

Cash Management Bank from terminating any Bank Account(s) or related cash management

services in accordance with the respective agreements governing such accounts or services.

13.    With regard to the Cash Management Banks that are on the U.S. Trustee's

List of Authorized Depositories, within 15 days from the date of entry of this Interim Order, the

Debtors shall (a) contact each Cash Management Bank, (b) provide each Cash Management

Bank with each of the Debtors' employer identification numbers, (c) provide each Cash

Management Bank with the bankruptcy number of the principal docket for these Chapter 11

Cases, and (d) identify each of their Bank Accounts held at such Cash Management Banks as

being held by a debtor-in-possession.

14.    With regard to the four Bank Accounts held at Cash Management Banks

that are not on the U.S. Trustee's List of Authorized Depositories, the Debtors' time to comply

with Bankruptcy Code section 345(b) is hereby extended for a period of 45 days from the date of

this Interim Order; *provided, however*, that such extension is without prejudice to the Debtors'

right to (i) request a further extension of such relief or a waiver of the requirements of

Bankruptcy Code section 345(b) and (ii) assert that any particular Bank Account complies with

Bankruptcy Code section 345(b).  For the avoidance of doubt, the U.S. Trustee's right to oppose

any such request or assertion by the Debtors consistent with items (i) and (ii) in this paragraph is

expressly reserved.  Further, the Debtors must maintain cash balances totaling less than $250,000

in the aggregate across the four Bank Accounts held at the Cash Management Banks that are not

on the U.S. Trustee's List of Authorized Depositories.

15.    The Cash Management Banks are hereby authorized to debit from the

Bank Accounts, in the ordinary course of business and subject to any applicable account

agreement, without further order of this Court: (a) Bank Fees and charges arising in the ordinary

course of business, regardless whether such fees and charges arose prepetition or postpetition;

*provided, however*, that such Bank Fees and charges are authorized under the applicable account

agreement with the Debtors; *provided, further, however*, that nothing set forth herein shall

authorize any of the Cash Management Banks to debit any Bank Fees or charges not arising in

the ordinary course of business; and (b) any (i) returned items drawn or presented against the

Bank Accounts (regardless of whether such returned items originated prepetition or postpetition)

or any credit given which is subsequently subject to return or dishonored arising out of an ACH

debit or credit file, and (ii) over-advances, credit balances or other customary fees and service

charges incurred as a result of returned or dishonored items (regardless of whether such items

originated prepetition or postpetition).

16.    To the extent not already done, the Debtors shall promptly advise the Cash

Management Banks of the commencement of these Chapter 11 Cases, and within five business

days from the date of entry of this Interim Order, the Debtors shall (a) serve a copy of this

Interim Order on each Cash Management Bank and (b) request that each Cash Management Bank internally code each of the Bank Accounts as "debtor-in-possession" accounts.

17.     Nothing in this Interim Order (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code, or (b) shall impair, prejudice, waive or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority or amount of any claim against the Debtors and their estates.

18.     Notwithstanding the Debtors' authorized use of a consolidated cash management system, the Debtors shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each particular Debtor, regardless of which Debtor remits payment for those disbursements.

19.     The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

20.     Notwithstanding anything to the contrary contained in this Interim Order or in the Motion, any payment, obligation or other relief authorized by this Interim Order shall be subject to and limited by the requirements imposed by the Debtors under the terms of any interim and/or final orders regarding the use of cash collateral or the approval of postpetition financing (any such order, a "Financing Order"), or any budget in connection therewith, approved by the Court in these Chapter 11 Cases.  In the event of any conflict between the terms of this Interim Order and a Financing Order, the terms of the applicable Financing Order shall control (solely to the extent of such conflict).

21.     The requirements set forth in Local Rule 9013-1(b) are satisfied.

22.     The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

23.     The requirements set forth in Bankruptcy Rule 6004(a) are satisfied.

24.     This Interim Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

25.     This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Interim Order.

26.     The final hearing with respect to the relief requested in the Motion shall be held on _____, 2020 at _____ (prevailing Eastern Time) (the "Final Hearing"). Any objections or responses to entry of the proposed Final Order shall be filed on or before 4:00 p.m. (prevailing Eastern Time) on _____, 2020 and served on the following parties: (a) the Debtors, LSC Communications, Inc., 191 North Wacker Drive, Suite 1400, Chicago, Illinois 60606, Attn: Suzanne Bettman; (b) proposed counsel to the Debtors, Sullivan & Cromwell LLP, 125 Broad Street, New York, New York 10004, Attn: Christian P. Jensen; (c) counsel to Bank of America, N.A., as administrative agent for the Debtors' prepetition credit facility and DIP credit facility, Moore & Van Allen PLLC, 100 North Tryon Street, Suite 4700, Charlotte, North Carolina 28202, Attn: David L. Eades and Charles (Trey) R. Rayburn III; (d) counsel to the ad hoc group of term lenders, Arnold & Porter Kaye Scholer LLP, 70 West Madison Street, Suite 4200, Chicago, IL 60602-4231, Attn: Michael D. Messersmith and Sarah Gryll; (e) counsel to the ad hoc group of secured noteholders, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019-6064, Attn: Andrew N. Rosenberg and Alice B. Eaton; (f) counsel to any statutory committee appointed in these Chapter 11 Cases; (g) the Office of the United States Trustee for the Southern District of New York; and (h) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.

Dated: _____

        New York, New York

_____

The Honorable Sean H. Lane
United States Bankruptcy Judge

# **EXHIBIT B**

**Blackline**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————————x
                                        :
In re                                   :       Chapter 11
                                        :
                                        :       Case No. ———— (——)20-10950
LSC COMMUNICATIONS, INC., *et al.*,[1]  :       (SHL)
                                        :
                          Debtors.      :       Jointly Administered
                                        :
                                        :
———————————————————————x

**INTERIM ORDER (I) AUTHORIZING, BUT NOT DIRECTING, THE DEBTORS TO (A) CONTINUE TO USE THEIR CASH MANAGEMENT SYSTEM, INCLUDING EXISTING BANK ACCOUNTS, (B) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO AND (C) MAINTAIN EXISTING BUSINESS FORMS, (II) AUTHORIZING INTERCOMPANY TRANSACTIONS, (III) WAIVING THE REQUIREMENTS OF SECTION 345(b) AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of LSC Communications, Inc. and certain of its affiliated debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order (this "Interim Order") (a) authorizing, but not directing, the Debtors to (i) continue to use their Cash Management System, including existing Bank Accounts, (ii) honor certain prepetition obligations related thereto and (iii) maintain their existing business forms; (b) authorizing the Debtors to continue to perform intercompany transactions with each other and with non-debtor

---

[1]    The Debtors in these Chapter 11 Cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  LSC Communications, Inc. (9580); Courier Communications LLC (2268); Courier Kendallville, Inc. (4679); Courier New Media, Inc. (1312); Dover Publications, Inc. (0853); LSC Communications Logistics, LLC (9496); LSC Communications MM LLC (5577); LSC Communications US, LLC (4157); LSC International Holdings, Inc. (4995); National Publishing Company (8213); Publishers Press, LLC (7265); Continuum Management Company, LLC (2627); Clark Distribution Systems, Inc. (5778); Clark Holdings Inc. (9172); Clark Worldwide Transportation, Inc. (5773); The Clark Group, Inc. (6223); Courier Companies, Inc. (7588); Courier Publishing, Inc. (3681); F.T.C. Transport, Inc. (8699); LibreDigital, Inc. (7160); LSC Communications Printing Company (7012); and Research & Education Association, Inc. (3922).  The Debtors' corporate headquarters is located at 191 N. Wacker Drive, Suite 1400, Chicago, IL 60606.

[2]    Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

affiliates on a postpetition basis in the ordinary course of business; (c) waiving the requirements

of section 345(b) of the Bankruptcy Code to the extent such requirements are inconsistent with

the Debtors' current practices and (d) granting related relief, including scheduling a final hearing

to consider approval of the Motion on a final basis; and this Court having jurisdiction to consider

the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and venue of these Chapter 11 Cases and the

Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter

being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper

and adequate notice of the Motion and the relief requested therein has been provided in

accordance with the Bankruptcy Rules and the Local Rules of the United States Bankruptcy

Court for the Southern District of New York (the "Local Rules"), and that, except as otherwise

ordered herein, no other or further notice is necessary; and any objections (if any) to the Motion

having been withdrawn or overruled on the merits; and a hearing having been held to consider

the relief requested in the Motion and upon the record of the hearing and all of the proceedings

had before this Court; and this Court having found and determined that the relief sought in the

Motion is in the best interests of the Debtors, their estates, their creditors and all other parties-in-

interest; and that the legal and factual bases set forth in the Motion establish just cause for the

relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.       The Motion is GRANTED on an interim basis as set forth herein.

2.       The Debtors are (a) authorized, but not directed, on an interim basis and in

the reasonable exercise of their business judgment, to: (i) continue operating the Cash

Management System as illustrated on Exhibit C attached to the Motion, (ii) honor their

prepetition obligations related thereto and (iii) maintain their existing Business Forms; and (b)

authorized to continue to perform Intercompany Transactions with each other and with their non-debtor affiliates on a postpetition basis in the ordinary course of business and consistent with historical practice; *provided* that the aggregate net intercompany liability owed by Debtors to non-debtor affiliates shall not decrease by more than $10 million during the first 30 days after the Petition Date.

3.    The Debtors are authorized, but not directed, on an interim basis and in the reasonable exercise of their business judgment to: (a) continue to use, with the same account numbers, the Bank Accounts in existence as of the Petition Date, including those accounts identified on Exhibit D attached to the Motion; (b) treat the Bank Accounts for all purposes as accounts of the Debtors as debtors-in-possession and to maintain and continue to use such accounts in the same manner with the same account numbers, styles and document forms as those employed prior to the Petition Date; (c) deposit funds in and withdraw funds from the Bank Accounts by all usual means, including checks, wire transfers, ACH transfers and other debits; (d) pay the Prepetition Bank Fees, in addition to any other Bank Fees for prepetition transactions that are charged postpetition; (e) reimburse the Cash Management Banks[3] for any claims arising before, on or after the Petition Date in connection with customer checks deposited with the Cash Management Banks that have been dishonored or returned as a result of insufficient funds; (f) pay any ordinary course Bank Fees incurred in connection with the Bank Accounts and any related cash management, treasury and accounting services, and to otherwise perform their obligations under any and all documents and agreements governing the Bank Accounts and related cash management, treasury and accounting services, irrespective of whether such fees

---

[3]    The term "Cash Management Banks," as used in this Interim Order, shall include, in addition to those Banks with which the Debtors already maintain accounts, any other banks with which the Debtors open new accounts pursuant to the terms of this Interim Order.

SC1:5196584.5

arose prior to or after the Petition Date; and (g) otherwise perform their obligations under the documents governing the Bank Accounts.

4.    The Debtors are authorized, on an interim basis, to continue to use the Card Program in the ordinary course of business in accordance with the terms of the Card Agreement[4], to honor all past and future Card Obligations arising under the Card Program and to make timely payments on account of charges that were made under the Card Program prior to the Petition Date.  The Debtors are further authorized to continue to use the Card Program under the Card Agreement, subject to the terms and conditions thereof and further subject to the terms of any applicable debtor-in-possesion financing orders and related loan documents pursuant to which the Card Obligations are included as obligations thereunder.  On an interim basis, Bank of America may rely on the representations of the Debtors with respect to their use of the Card Program pursuant to the Card Agreement, and Bank of America shall not have any liability to any party for relying on such representations by the Debtors as provided for herein.  In the event that the Debtors fail to make any timely payment to Bank of America in respect of the Card Obligations during the duration of this Interim Order, Bank of America is authorized, in its discretion, to terminate the Card Program and/or seek payment for the amount of any unpaid Card Obligations without further order of the Court; *provided, however*, that any such termination must be consistent with the terms and provisions of the Card Agreement.  To the extent necessary, Bank of America is hereby granted relief from the stay imposed under Bankruptcy Code section 362 for purposes of this paragraph 4.

5.    The Debtors are authorized, but not directed, to continue using in their present forms, the Business Forms as well as checks and other documents related to the Bank

---

[4]    The term "Card Agreement," as used in this Interim Order, means, collectively, the existing agreements between the Debtors and Bank of America in respect of the Card Program.

SC1:5196584.5

Accounts existing immediately before the Petition Date without reference to the Debtors' status

as debtors-in-possession; *provided, however*, within 15 days of the date of entry of this Interim

Order the Debtors shall ensure that any new Business Forms and checks shall have the

designation "Debtor in Possession" clearly labeled with the corresponding chapter 11 case

number on all such Business Forms and checks; *provided, further, however*, with respect to any

Business Forms that exist or are generated electronically, the Debtors shall ensure that such

electronic Business Forms are clearly labeled "Debtor-in-Possession".

6.      The Cash Management Banks[5] are authorized to permit the Debtors to

continue to use the Cash Management System currently in place, as such Cash Management

System is more fully described in the Motion, and manage the Debtors' cash in a manner

consistent with the Debtors' prepetition practices.  Such Cash Management Banks are hereby

authorized, but not directed, to continue to maintain, service and administer all of the Bank

Accounts as accounts of the Debtors as debtors-in-possession without interruption and in the

ordinary course of business in a manner consistent with any agreements between the Cash

Management Banks and the Debtors that existed prior to and as of the Petition Date, and to

receive, process, honor and pay any and all checks, drafts, wires, ACH transfers, credit card

payments, other electronic transfer requests and other items which originated (a) prepetition and

were presented prepetition but honored postpetition, (b) prepetition but presented to the Cash

Management Banks for payment on a postpetition basis, and (c) postpetition and are presented to

the Cash Management Banks for payment on a postpetition basis; *provided, however*, that none

of the Cash Management Banks shall be required to make transfers from or honor any draws or

---

[5]      The term "Cash Management Banks," as used in this Interim Order, shall include, in addition to those Banks with which the Debtors already maintain accounts, any other banks with which the Debtors open new accounts pursuant to the terms of this Interim Order.

SC1:5196584.5

-5-

presentations against any of the Bank Accounts except to the extent of collected funds available in such respective Bank Accounts; *provided, further, however*, the Debtors may provide the Cash Management Banks specific instructions to dishonor or refuse to pay particular prepetition checks, drafts and other items presented for payment against the Bank Accounts, subject to the normal procedures, fees and charges set forth in the account agreements relating to the Bank Accounts, and the Cash Management Banks shall use commercially reasonable efforts to comply with all such specific instructions.

7.      The Debtors' credit card processors are authorized to process payments in the ordinary course of business, including the netting out of any fees and/or chargebacks arising before, on or after the Petition Date.

8.      The Debtors and each Cash Management Bank are hereby authorized to continue to perform pursuant to the terms of any prepetition cash management agreements that may exist between them, except to the extent otherwise directed by the terms of this Interim Order and except as amended, modified, or supplemented by any agreement between the Debtors and such Cash Management Bank.  The parties to such agreements shall continue to enjoy the rights and remedies afforded them under such agreements, except to the extent expressly modified by the terms of this Interim Order or by operation of the Bankruptcy Code.

9.      The Cash Management Banks participating in the Cash Management System shall not be liable to the Debtors, their estates or their creditors for honoring or dishonoring a prepetition or postpetition check or other item drawn on any of the Bank Accounts as a result of this Interim Order or at the direction of the Debtors.  None of the Cash Management Banks shall have any liability to any person for any operational processing errors or other mistakes which are the result of human error or made despite implementation of reasonable

item handling procedures, including, without limitation, any inadvertent dishonoring of any payment or other disbursement directed to be made by the Debtors.  None of the Cash Management Banks shall be responsible for monitoring, or liable to any person for honoring, any payment or other transfer made or directed by any of the Debtors in contravention of the terms of this Interim Order, any interim or final cash collateral orders entered with respect to the Debtors, or any other order of the Court.

10.      The Debtors shall maintain accurate and detailed records of all transfers and transactions, including Intercompany Transactions, within the Cash Management System such that all postpetition transfers and transactions are adequately and promptly documented in, and readily ascertainable from, and traced and recorded properly on, their books and records.

11.      The Debtors are authorized to continue Intercompany Transactions arising in the ordinary course of business, including Intercompany Transactions with their non-debtor affiliates; *provided* that the aggregate net intercompany liability owed by Debtors to non-debtor affiliates shall not decrease by more than $10 million during the first 30 days after the Petition Date.  In connection therewith, the Debtors shall continue to maintain current records with respect to all transfers of cash so that all transactions, including Intercompany Transactions, may be readily ascertained, traced and recorded properly on applicable accounts.  All postpetition payments from one Debtor to another or from a non-debtor affiliate to a Debtor, under any postpetition Intercompany Transaction authorized hereunder, are hereby accorded administrative expense priority status under section 503(b) of the Bankruptcy Code.  The Debtors are authorized, but not directed, to set off mutual postpetition obligations relating to intercompany receivables and payables through the Cash Management System.

12.     Nothing contained herein shall prevent the Debtors from opening any new bank accounts or closing any of the Bank Accounts as the Debtors may deem necessary and appropriate; *provided, however*, that prior to opening any new bank accounts or closing any of the Bank Accounts, the Debtors shall provide notice of the Debtors' intentions with respect thereto, as soon as reasonably practicable, to (i) the U.S. Trustee, (ii) counsel to Bank of America, as administrative agent for the Debtors' prepetition credit facility, (iii) any committee appointed in these Chapter 11 Cases (and the counsel to any such committee), (iv) counsel to the ad hoc group of term lenders, Arnold & Porter Kaye Scholer LLP, and (v) counsel to the ad hoc group of secured noteholders, Paul, Weiss, Rifkind, Wharton & Garrison LLP; *provided, further, however*, that the Debtors shall open any new such bank accounts at banks that have executed a Uniform Depository Agreement with the U.S. Trustee, or at such banks that are willing to promptly execute such an agreement.  Nothing contained in this Interim Order shall prevent any Cash Management Bank from terminating any Bank Account(s) or related cash management services in accordance with the respective agreements governing such accounts or services.

13.     With regard to the Cash Management Banks that are on the U.S. Trustee's List of Authorized Depositories, within 15 days from the date of entry of this Interim Order, the Debtors shall (a) contact each Cash Management Bank, (b) provide each Cash Management Bank with each of the Debtors' employer identification numbers, (c) provide each Cash Management Bank with the bankruptcy number of the principal docket for these Chapter 11 Cases, and (d) identify each of their Bank Accounts held at such Cash Management Banks as being held by a debtor-in-possession.

14.     With regard to the four Bank Accounts held at Cash Management Banks that are not on the U.S. Trustee's List of Authorized Depositories, the Debtors' time to comply

SC1:5196584.5

-8-

with Bankruptcy Code section 345(b) is hereby extended for a period of 45 days from the date of this Interim Order; *provided, however*, that such extension is without prejudice to the Debtors' right to (i) request a further extension of such relief or a waiver of the requirements of Bankruptcy Code section 345(b) and (ii) assert that any particular Bank Account complies with Bankruptcy Code section 345(b).  For the avoidance of doubt, the U.S. Trustee's right to oppose any such request or assertion by the Debtors consistent with items (i) and (ii) in this paragraph is expressly reserved.  Further, the Debtors must maintain cash balances totaling less than $250,000 in the aggregate across the four Bank Accounts held at the Cash Management Banks that are not on the U.S. Trustee's List of Authorized Depositories.

15.    The Cash Management Banks are hereby authorized to debit from the Bank Accounts, in the ordinary course of business and subject to any applicable account agreement, without further order of this Court: (a) Bank Fees and charges arising in the ordinary course of business, regardless whether such fees and charges arose prepetition or postpetition; *provided, however*, that such Bank Fees and charges are authorized under the applicable account agreement with the Debtors; *provided, further, however*, that nothing set forth herein shall authorize any of the Cash Management Banks to debit any Bank Fees or charges not arising in the ordinary course of business; and (b) any (i) returned items drawn or presented against the Bank Accounts (regardless of whether such returned items originated prepetition or postpetition) or any credit given which is subsequently subject to return or dishonored arising out of an ACH debit or credit file, and (ii) over-advances, credit balances or other customary fees and service charges incurred as a result of returned or dishonored items (regardless of whether such items originated prepetition or postpetition).

16.     To the extent not already done, the Debtors shall promptly advise the Cash Management Banks of the commencement of these Chapter 11 Cases, and within five business days from the date of entry of this Interim Order, the Debtors shall (a) serve a copy of this Interim Order on each Cash Management Bank and (b) request that each Cash Management Bank internally code each of the Bank Accounts as "debtor-in-possession" accounts.

17.     Nothing in this Interim Order (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code, or (b) shall impair, prejudice, waive or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority or amount of any claim against the Debtors and their estates.

18.     Notwithstanding the Debtors' authorized use of a consolidated cash management system, the Debtors shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each particular Debtor, regardless of which Debtor remits payment for those disbursements.

19.     The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

20.     Notwithstanding anything to the contrary contained in this Interim Order or in the Motion, any payment, obligation or other relief authorized by this Interim Order shall be subject to and limited by the requirements imposed by the Debtors under the terms of any interim and/or final orders regarding the use of cash collateral or the approval of postpetition financing (any such order, a "Financing Order"), or any budget in connection therewith, approved by the Court in these Chapter 11 Cases.  In the event of any conflict between the terms of this Interim Order and a Financing Order, the terms of the applicable Financing Order shall control (solely to the extent of such conflict).

21.     The requirements set forth in Local Rule 9013-1(b) are satisfied.

22.     The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

23.     The requirements set forth in Bankruptcy Rule 6004(a) are satisfied.

24.     This Interim Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

25.     This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Interim Order.

26.     The final hearing with respect to the relief requested in the Motion shall be held on _____, 2020 at _____ (prevailing Eastern Time) (the "Final Hearing").  Any objections or responses to entry of the proposed Final Order shall be filed on or before 4:00 p.m. (prevailing Eastern Time) on _____, 2020 and served on the following parties: (a) the Debtors, LSC Communications, Inc., 191 North Wacker Drive, Suite 1400, Chicago, Illinois 60606, Attn: Suzanne Bettman; (b) proposed counsel to the Debtors, Sullivan & Cromwell LLP, 125 Broad Street, New York, New York 10004, Attn: Christian P. Jensen; (c) counsel to Bank of America, N.A., as administrative agent for the Debtors' prepetition credit facility and DIP credit facility, Moore & Van Allen PLLC, 100 North Tryon Street, Suite 4700, Charlotte, North Carolina 28202, Attn: David L. Eades and Charles (Trey) R. Rayburn III; (d) counsel to the ad hoc group of term lenders, Arnold & Porter Kaye Scholer LLP, 70 West Madison Street, Suite 4200, Chicago, IL 60602-4231, Attn: Michael D. Messersmith and Sarah Gryll; (e) counsel to the ad hoc group of secured noteholders, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019-6064, Attn: Andrew N. Rosenberg and Alice B. Eaton; (f) counsel to any statutory committee appointed in these Chapter 11 Cases; (g) the Office

of the United States Trustee for the Southern District of New York; and (h) to the extent not

listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.

Dated: _____

          New York, New York

                                            The Honorable Sean H. Lane

                                            United States Bankruptcy Judge