UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | x | |
|---|---|---|
| In re | : | |
| | : | Chapter 11 |
| | : | |
| LSC COMMUNICATIONS, INC., *et al.*,[1] | : | Case No. 20-10950 (SHL) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |
| | x | |

**INTERIM ORDER (I) AUTHORIZING, BUT NOT DIRECTING, THE
DEBTORS TO (A) CONTINUE THEIR INSURANCE POLICIES AND PAY
ALL OBLIGATIONS IN RESPECT THEREOF, (B) RENEW, SUPPLEMENT,
MODIFY OR PURCHASE NEW INSURANCE POLICIES OR OBTAIN
NEW INSURANCE COVERAGE, (C) HONOR THE TERMS OF THE
PREMIUM FINANCING AGREEMENTS AND PAY PREMIUMS THEREUNDER
AND (D) ENTER INTO NEW PREMIUM FINANCING AGREEMENTS IN THE
ORDINARY COURSE OF BUSINESS, (II) AUTHORIZING APPLICABLE BANKS
AND OTHER FINANCIAL INSTITUTIONS TO HONOR AND PROCESS
RELATED CHECKS AND TRANSFERS AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of LSC Communications, Inc. and certain of its affiliated debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order (this "Interim Order") (a) authorizing, but not directing, the Debtors, in their sole discretion, to (i) continue their Insurance Policies and pay all obligations in respect thereof, (ii) renew, supplement, modify or purchase new Insurance Policies or obtain new insurance coverage as

---

[1] The Debtors in these Chapter 11 Cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: LSC Communications, Inc. (9580); Courier Communications LLC (2268); Courier Kendallville, Inc. (4679); Courier New Media, Inc. (1312); Dover Publications, Inc. (0853); LSC Communications Logistics, LLC (9496); LSC Communications MM LLC (5577); LSC Communications US, LLC (4157); LSC International Holdings, Inc. (4995); National Publishing Company (8213); Publishers Press, LLC (7265); Continuum Management Company, LLC (2627); Clark Distribution Systems, Inc. (5778); Clark Holdings Inc. (9172); Clark Worldwide Transportation, Inc. (5773); The Clark Group, Inc. (6223); Courier Companies, Inc. (7588); Courier Publishing, Inc. (3681); F.T.C. Transport, Inc. (8699); LibreDigital, Inc. (7160); LSC Communications Printing Company (7012); and Research & Education Association, Inc. (3922). The Debtors' corporate headquarters is located at 191 N. Wacker Drive, Suite 1400, Chicago, IL 60606.

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

needed in the ordinary course of business without further Court approval, (iii) honor the terms of the Financing Agreements and pay premiums thereunder and (iv) enter into new premium financing agreements in the ordinary course of business, (b) authorizing applicable banks and other financial institutions to honor and process related checks and transfers and (c) granting related relief; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), and that, except as otherwise ordered herein, no other or further notice is necessary; and any objections (if any) to the Motion having been withdrawn or overruled on the merits; and a hearing having been held to consider the relief requested in the Motion and upon the record of the hearing and all of the proceedings had before this Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties-in-interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

        IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED on an interim basis as set forth herein.

2.      The Debtors are authorized, but not directed, to pay, in their sole discretion, all undisputed premiums, charges, claims, deductibles, retentions, administrative fees, amounts owning under the Financing Agreements, Insurance Service Provider Fees and all other

-2-

obligations relating to the Debtors' current and former Insurance Policies that are or may become due and payable, and relate to the period either before or after the Petition Date, including, but not limited to, obligations with respect to which letters of credit have been issued, in the ordinary course.

3. The Debtors are authorized and empowered to maintain their Insurance Policies without interruption, on the same basis, and in accordance with the same practices and procedures that were in effect prior to the Petition Date.

4. The Debtors are authorized to renew, supplement, modify, extend or purchase new Insurance Policies or obtain new insurance coverage (including agreements to supply additional collateral to an Insurance Carrier in relation thereto) and/or to pay Insurance Service Provider Fees, to the extent that the Debtors determine, in their sole discretion, that such action is in the best interest of their estates.

5. The Debtors are authorized to honor the terms of the Financing Agreements and pay premiums thereunder to renew the Financing Agreements, and to enter into new premium financing agreements in the ordinary course of business.

6. The Debtors are authorized to issue postpetition checks, or to effect postpetition electronic fund transfers, in replacement of any checks or electronic fund transfers in respect of payments authorized by this Interim Order that are dishonored or rejected after the Petition Date.

7. The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Interim Order.

8. In accordance with this Interim Order (or other order of this Court), each of the financial institutions at which the Debtors maintain their accounts relating to the payment of obligations described in the Motion are authorized, but not directed, to (a) receive, process, honor and pay all checks presented for payments and to honor all fund transfer requests made by the Debtors related thereto, to the extent that sufficient funds are on deposit in those accounts and (b) accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires, or automated clearing house transfers should be honored or dishonored in accordance with this or any other order of this Court, whether such checks, drafts, wires or transfers are dated prior to, on or subsequent to the Petition Date, without any duty to inquire otherwise and without any liability for following the Debtors' instructions.

9. Nothing in the Motion or this Interim Order shall be deemed to authorize the Debtors to accelerate any payments, and the Debtors are only authorized under this Interim Order to pay amounts that are due and owing prior to the final hearing on this Motion.

10. Nothing in the Motion or this Interim Order, nor as a result of any payment made pursuant to this Interim Order, shall be deemed or construed as an admission as to the validity or priority of any claim against the Debtors, an approval or assumption of any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code or a waiver of the right of the Debtors or of any claims or causes of action which may exist against any creditor, or shall impair the ability of the Debtors to contest or seek relief under any section of the Bankruptcy Code on account of the validity and amount of any payment made pursuant to this Interim Order.

11. Nothing herein (a) alters or amends the terms and conditions of any of the Insurance Programs including, but not limited to, with respect to any direct action claims against

any Insurance Carriers or third-party administrators under applicable non-bankruptcy law or any claim where the claimant has received an order from the Bankruptcy Court granting the claimant relief from the automatic stay: (i) the obligation or right, if any, of any Insurance Carriers or third-party administrators to handle, administer, settle, defend and/or pay any insured claim, (ii) the obligation, if any, of any Insurance Carriers or third-party administrators to pay any amounts within a deductible and the right, if any, of any Insurance Carriers or third-party administrators to seek reimbursement from the Debtors therefor, (iii) the obligation, if any, of the Debtors to reimburse any Insurance Carriers or third-party administrators for payments within a deductible and defense costs, and (iv) the right, if any, of Insurance Carriers and third party administrators to draw on any and all collateral provided by or on behalf of the Debtors therefor to the obligations, if any, in subparagraphs (ii) and (iii) above, to the extent that the Debtors fail to reimburse the applicable Insurance Carrier or third-party administrator therefor; (b) creates, prohibits or permits a direct right of action against any Insurance Carriers or third party administrators; or (c) precludes or limits, in any way, the rights of any Insurance Carriers to contest and/or litigate the existence, primary and/or scope of available coverage under the Insurance Programs.

12.    Notwithstanding anything to the contrary contained in this Interim Order or in the Motion, any payment, obligation or other relief authorized by this Interim Order shall be subject to and limited by the requirements imposed by the Debtors under the terms of any interim and/or final orders regarding the use of cash collateral or the approval of postpetition financing (any such order, a "Financing Order"), or any budget in connection therewith, approved by the Court in these Chapter 11 Cases.  In the event of any conflict between the terms of this Interim

Order and a Financing Order, the terms of the applicable Financing Order shall control (solely to the extent of such conflict).

13. The requirements set forth in Local Rule 9013-1(b) are satisfied.

14. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

15. The requirements set forth in Bankruptcy Rule 6004(a) are satisfied.

16. This Interim Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

17. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Interim Order.

18. The final hearing with respect to the relief requested in the Motion shall be held on May 12, 2020 at 11:00 a.m. (prevailing Eastern Time) (the "Final Hearing"). Any objections or responses to entry of the proposed Final Order shall be filed on or before 4:00 p.m. (prevailing Eastern Time) on May 5, 2020 and served on the following parties: (a) the Debtors, LSC Communications, Inc., 191 North Wacker Drive, Suite 1400, Chicago, Illinois 60606, Attn: Suzanne Bettman; (b) proposed counsel to the Debtors, Sullivan & Cromwell LLP, 125 Broad Street, New York, New York 10004, Attn: Christian P. Jensen; (c) counsel to Bank of America, N.A., as administrative agent for the Debtors' prepetition credit facility and DIP credit facility, Moore & Van Allen PLLC, 100 North Tryon Street, Suite 4700, Charlotte, North Carolina 28202, Attn: David L. Eades and Charles (Trey) R. Rayburn III; (d) counsel to the ad hoc group of term lenders, Arnold & Porter Kaye Scholer LLP, 70 West Madison Street, Suite 4200, Chicago, IL 60602-4231, Attn: Michael D. Messersmith and Sarah Gryll; (e) counsel to the ad hoc group of secured noteholders, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue

of the Americas, New York, NY 10019-6064, Attn: Andrew N. Rosenberg and Alice B. Eaton; (f) counsel to any statutory committee appointed in these Chapter 11 Cases; (g) the Office of the United States Trustee for the Southern District of New York; and (h) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.

Dated: April 15, 2020
      New York, New York

*/s/ Sean H. Lane*
The Honorable Sean H. Lane
United States Bankruptcy Judge

SC1:5197749.2