LEVENFELD PEARLSTEIN, LLC
Harold D. Israel (admitted *pro hac vice*)
Sean P. Williams (admitted *pro hac vice*)
2 North LaSalle Street, Suite 1300
Chicago, Illinois 60602
Tel: (312) 346-8380
Fax: (312) 346-8434

Hearing Date: June 2, 2020 at 11:00 a.m.
Objection Deadline: May 26, 2020 at 4:00 p.m.

*Proposed Efficiency Counsel to the Official Committee of Unsecured Creditors of LSC Communications, Inc., et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| LSC COMMUNICATIONS, INC., *et al.*,[1] | : | Case No. 20-10950 (SHL) |
| Debtors. | : | Jointly Administered |

**CERTIFICATE OF NO OBJECTION REGARDING MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER ESTABLISHING PROCEDURES FOR COMPLIANCE WITH 11 U.S.C. §§ 1102(b)(3) AND 1103(c) AND APPLICATION TO EMPLOY PRIME CLERK LLC AS INFORMATION AGENT TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS EFFECTIVE AS OF MAY 14, 2020**

Pursuant to Rule 9075-2 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), the undersigned hereby certifies as follows:

---

[1] The Debtors in these Chapter 11 Cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: LSC Communications, Inc. (9580); Courier Communications LLC (2268); Courier Kendallville, Inc. (4679); Courier New Media, Inc. (1312); Dover Publications, Inc. (0853); LSC Communications Logistics, LLC (9496); LSC Communications MM LLC (5577); LSC Communications US, LLC (4157); LSC International Holdings, Inc. (4995); National Publishing Company (8213); Publishers Press, LLC (7265); Continuum Management Company, LLC (2627); Clark Distribution Systems, Inc. (5778); Clark Holdings Inc. (9172); Clark Worldwide Transportation, Inc. (5773); The Clark Group, Inc. (6223); Courier Companies, Inc. (7588); Courier Publishing, Inc. (3681); F.T.C. Transport, Inc. (8699); LibreDigital, Inc. (7160); LSC Communications Printing Company (7012); and Research & Education Association, Inc. (3922). The Debtors' corporate headquarters is located at 191 N. Wacker Drive, Suite 1400, Chicago, IL 60606.

1. On May 19, 2020, the Official Committee of Unsecured Creditors (the "Committee") filed the *Motion of the Official Committee of Unsecured Creditors for an Order Establishing Procedures for Compliance with 11 U.S.C. §§ 1102(b)(3) and 1103(c) and Application to Employ Prime Clerk LLC as Information Agent to the Official Committee of Unsecured Creditors effective as of May 14, 2020* with *Notice* (the "Application" and "Notice") [ECF No. 262].

2. The deadline to object to the Application was **May 26, 2020 at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline"). The Application and Notice was served on May 19, 2020 [ECF No. 274]. The Notice provided that the proposed order may be entered without a hearing if no objections or other responsive pleadings were filed on or before the Objection Deadline.

3. As of the filing of this certificate, over forty-eight (48) hours have elapsed since the Objection Deadline and, to the best of my knowledge, no responsive pleading to the Application has been: (a) filed with the Court on the docket of the above-captioned chapter 11 cases or (b) served on the Committee or its counsel.

4. Accordingly, the Committee respectfully requests that the Court enter the proposed order granting the Application, attached hereto as **Exhibit A**.

*[Remainder of Page Intentionally Left Blank]*

Dated: May 29, 2020                    LEVENFELD PEARLSTEIN, LLC

By: /s/ Harold D. Israel
Harold D. Israel (admitted *pro hac vice)*
Sean P. Williams (admitted *pro hac vice*)
2 North LaSalle Street, Suite 1300
Chicago, Illinois 60602
Tel: (312) 346-8380
Fax: (312) 346-8434
e-mail: hisrael@lplegal.com
e-mail: swilliams@lplegal.com

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
| LSC COMMUNICATIONS, INC., *et al.*,[1] | : | Case No. 20-10950 (SHL) |
| Debtors. | : | Jointly Administered |

**ORDER GRANTING MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER ESTABLISHING PROCEDURES FOR COMPLIANCE WITH 11 U.S.C. §§ 1102(b)(3) AND 1103(c) AND APPLICATION TO EMPLOY PRIME CLERK LLC AS INFORMATION AGENT TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS EFFECTIVE AS OF MAY 14, 2020**

Upon the *Motion of the Official Committee of Unsecured Creditors for an Order Establishing Procedures for Compliance with 11 U.S.C. §§ 1102(b)(3) and 1103(c) and Application to Employ Prime Clerk LLC as Information Agent to the Official Committee of Unsecured Creditors Effective as of May 14, 2020* (the "Motion") filed by the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors (the "Debtors"), and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and all other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the

---

[1] The Debtors in these Chapter 11 Cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: LSC Communications, Inc. (9580); Courier Communications LLC (2268); Courier Kendallville, Inc. (4679); Courier New Media, Inc. (1312); Dover Publications, Inc. (0853); LSC Communications Logistics, LLC (9496); LSC Communications MM LLC (5577); LSC Communications US, LLC (4157); LSC International Holdings, Inc. (4995); National Publishing Company (8213); Publishers Press, LLC (7265); Continuum Management Company, LLC (2627); Clark Distribution Systems, Inc. (5778); Clark Holdings Inc. (9172); Clark Worldwide Transportation, Inc. (5773); The Clark Group, Inc. (6223); Courier Companies, Inc. (7588); Courier Publishing, Inc. (3681); F.T.C. Transport, Inc. (8699); LibreDigital, Inc. (7160); LSC Communications Printing Company (7012); and Research & Education Association, Inc. (3922). The Debtors' corporate headquarters is located at 191 N. Wacker Drive, Suite 1400, Chicago, IL 60606.

Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that no other or further notice need be provided; and no objections to the Motion having been filed; and after due deliberation and sufficient case appearing therefor, it is hereby

**ORDERED THAT:**

1. The relief requested in the Motion is granted as set forth herein.

2. The Committee shall not be required pursuant to section 1102(b)(3)(A) of the Bankruptcy Code to provide access to any Confidential Information of the Debtors, or any other Entity, to any creditor with a claim of the kind represented by the Committee, except as provided below.

3. The Committee shall implement the following Creditor Information Protocol in accordance with section 1102(b)(3)(A) and (B) of the Bankruptcy Code:

   (a) <u>Dissemination of Information to Creditors</u>. The Committee will establish a website to make certain non-Confidential Information (defined herein) available to unsecured creditors. The website address is: http://cases.primeclerk.com/LSCCommittee. The website will (i) serve as an access point for unsecured creditors to receive certain non-Confidential Information and (ii) allow the Committee to solicit and receive comments from unsecured creditors regarding the Debtors and the Chapter 11 Cases. The Committee will also establish an e-mail address to allow unsecured creditors to send questions and comments concerning the Chapter 11 Cases. Any written communication with the unsecured creditors with respect to the Committee e-mail address will be made by the Committee's counsel, in their reasonable discretion.

   (b) <u>Confidential Information</u>. The Committee shall not be required to disseminate to any entity (all references to "entity" herein shall be as defined in section 101(15) of the Bankruptcy Code, "<u>Entity</u>") without further order of the Court, Confidential Information. In addition, the Committee shall not be required to provide access to information or solicit comments from any Entity that has not demonstrated to the satisfaction of the Committee, in its sole discretion, or to the Court, that it holds claims of the kind described in section 1102(b)(3) of the Bankruptcy Code.

(c) <u>Information Obtained Through Discovery</u>. Any information received (formally or informally) by the Committee from any Entity in connection with an examination pursuant to Bankruptcy Rule 2004 or in connection with any formal or informal discovery in any contested matter, adversary proceeding, or other litigation shall not be governed by any order entered with respect to this Motion but, rather, by any order governing such discovery. Nothing herein shall obligate the Committee to provide any information the Committee obtains from third parties.

(d) <u>Creditor Information Requests</u>. If a creditor (the "<u>Requesting Creditor</u>") submits a written request to the Committee (the "<u>Information Request</u>") for the Committee to disclose information, pursuant to section 1102(b)(3)(A) of the Bankruptcy Code the Committee shall, as soon as practicable, but no more than thirty (30) days after receipt of the Information Request, provide a response to the Information Request (the "<u>Response</u>"), including providing access to the information requested or the reasons the Information Request cannot be complied with. If the Response is to deny the Information Request because the Committee believes the Information Request implicates Confidential Information that need not be disclosed (i) pursuant to the terms of this Order or otherwise under section 1102(b)(3)(A) of the Bankruptcy Code, (ii) because such disclosure is prohibited under applicable law, (iii) because such information was obtained by the Committee pursuant to an agreement to maintain it as confidential, or (iv) that the Information Request is unduly burdensome, the Requesting Creditor may, after a good faith effort to meet and confer with an authorized representative of the Committee regarding the Information Request and the Response, seek to compel such disclosure for cause pursuant to a motion. Such motion shall be served and the hearing on such motion shall be noticed and scheduled. Nothing herein shall be deemed to preclude the Requesting Creditor from requesting (or the Committee objecting to such request) that the Committee provide the Requesting Creditor a log or other index of any information specifically responsive to the Requesting Creditor's request that the Committee deems to be Confidential Information. Furthermore, nothing herein shall be deemed to preclude the Requesting Creditor from requesting that the Court conduct an in camera review.

(e) <u>Release of Confidential Information of Third Parties</u>. If the Information Request implicates Confidential Information of the Debtors (or any other Entity) and the Committee agrees that such request should be satisfied, or if the Committee on its own wishes to disclose such Confidential Information to creditors, the Committee may demand (the "<u>Demand</u>") for the benefit of the Debtors' creditors: (i) if the Confidential Information is information of the Debtors, by submitting a written request, each captioned as a "Committee Information Demand," to counsel for the Debtors, stating that such information will be disclosed in the manner described in the Demand unless the Debtors object to such Demand on or before fifteen (15) days after the service of such Demand; and, after the lodging of such an objection, the Committee, the

    Requesting Creditor, and the Debtors may schedule a hearing with the Court seeking a ruling with respect to the Demand and (ii) if the Confidential Information is information of another Entity, by submitting a written request to such Entity and its counsel of record, with a copy to Debtors' counsel, stating that such information will be disclosed in the manner described in the Demand unless such Entity objects to such Demand on or before fifteen (15) days after the service of such Demand; and, after the lodging of such an objection, the Committee, the Requesting Creditor, such entity, and the Debtors, may schedule a hearing with the Court seeking a ruling with respect to the Demand.

4. The Committee is authorized to employ and retain Prime Clerk as its information agent, subject to the terms and conditions of the Engagement Agreement, effective as of May 14, 2020.

5. The Debtors shall indemnify Prime Clerk under the terms of the Engagement Agreement, as modified pursuant to this Order.

6. All requests by Prime Clerk for the payment of indemnification as set forth in the Engagement Agreement shall be made by means of an application to this Court and shall be subject to review by this Court to ensure that payment of such indemnity conforms to the terms of the Engagement Agreement and is reasonable under the circumstances of the litigation or settlement in respect of which indemnity is sought, provided, however, that in no event shall Prime Clerk be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct.

7. In the event that Prime Clerk seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Engagement Agreement, the invoices and supporting time records for the attorneys' fees and expenses shall be included in Prime Clerk's own applications, both interim and final, and these invoices and time records shall be subject to the Amended Guidelines and the approval of the Bankruptcy Court pursuant to sections 330 and 331 of the Bankruptcy Code without regard to

whether such attorneys have been retained under section 327 of the Bankruptcy Code, and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

8.  The limitation of liability section in paragraph 7 of the Engagement Agreement is deemed to be of no force or effect with respect to the services to be provided pursuant to this Order.

9.  The reasonable fees and expenses of Prime Clerk for professional services rendered on behalf of the Committee in connection with these Chapter 11 Cases shall be paid by the Debtors' estates in accordance with the terms of the Engagement Agreement and as set forth herein. Prime Clerk will invoice the Debtors on a monthly basis in accordance with their pricing structure, a copy of which is attached to the Engagement Agreement. Following Prime Clerk's service of its monthly invoice to the Debtors, the Committee and the U.S. Trustee (the "Notice Parties"), the Notice Parties shall have ten (10) days to advise Prime Clerk and the other Notice Parties of any objections to the monthly invoices. If an objection is raised to an invoice, the Debtors will remit to Prime Clerk only the undisputed portion of the invoice and, if applicable, will pay the remainder to Prime Clerk upon the resolution of the dispute. All objections that are not resolved by the parties shall be preserved and presented to the Court by the objecting party at the next interim or final fee application hearing to be heard by the Court.

10. The Committee, Prime Clerk, and the Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Motion and the Engagement Agreement.

11. To the extent of any inconsistency between the Engagement Agreement and this Order, this Order shall govern.

12. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: _____, 2020

_____
THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE