**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| LSC COMMUNICATIONS, INC., *et al.*,[1] | Case No. 20-10950 (SHL) |
| Debtors. | Jointly Administered |

**ORDER EXTENDING THE EXCLUSIVE PERIODS**
**DURING WHICH ONLY THE DEBTORS MAY FILE A**
**CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF**

Upon the motion (the "Motion")[2] of LSC Communications, Inc., and certain of its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order (this "Order") extending by 90 days (a) the exclusive period of time during which only the Debtors may file a plan of reorganization (the "Exclusive Filing Period") through and including November 9, 2020, and (b) the period of time during which only the Debtors may solicit acceptances of a plan of reorganization (the "Exclusive Solicitation Period," and, together with the Exclusive Filing Period, the "Exclusive Periods") through and including January 8, 2021; this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and venue of these chapter 11 cases and the Motion in this district being proper pursuant to 28 U.S.C.

---

[1] The Debtors in these Chapter 11 Cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: LSC Communications, Inc. (9580); Courier Communications LLC (2268); Courier Kendallville, Inc. (4679); Courier New Media, Inc. (1312); Dover Publications, Inc. (0853); LSC Communications Logistics, LLC (9496); LSC Communications MM LLC (5577); LSC Communications US, LLC (4157); LSC International Holdings, Inc. (4995); National Publishing Company (8213); Publishers Press, LLC (7265); Continuum Management Company, LLC (2627); Clark Distribution Systems, Inc. (5778); Clark Holdings Inc. (9172); Clark Worldwide Transportation, Inc. (5773); The Clark Group, Inc. (6223); Courier Companies, Inc. (7588); Courier Publishing, Inc. (3681); F.T.C. Transport, Inc. (8699); LibreDigital, Inc. (7160); LSC Communications Printing Company (7012); and Research & Education Association, Inc. (3922). The Debtors' corporate headquarters is located at 191 N. Wacker Drive, Suite 1400, Chicago, IL 60606.

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

SC1:5279779.1

§§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules, the Local Rules, and the Amended Case Management Order [D.I. 271], and that no other or further notice is necessary; and any objections (if any) to the Motion having been withdrawn or overruled on the merits; and a hearing having been held to consider the relief requested in the Motion; and upon the record of the hearing and all of the proceedings had before this Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties-in-interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

      IT IS HEREBY ORDERED THAT:

      1.      The Motion is GRANTED as set forth herein.

      2.      Pursuant to section 1121(d) of the Bankruptcy Code, the Exclusive Filing Period is hereby extended through and including November 9, 2020, and the Exclusive Solicitation Period is hereby extended through and including January 8, 2021.

      3.      At the request of the Debtors, the Exclusive Filing Period and Exclusive Solicitation Period may be extended for an additional 30 days each, through and including December 9, 2020 and February 7, 2021, respectively, without further order of this Court; *provided*, that the Official Committee of Unsecured Creditors, the ad hoc group of term lenders, the ad hoc group of secured noteholders, and Bank of America, N.A., in its capacity as administrative agent for the revolving credit facility, each consent to such extensions.

SC1:5279779.1

4. This Order is without prejudice to the Debtors' ability to seek further extensions of the Exclusive Periods or the ability of any party in interest to seek to shorten or terminate the Exclusive Periods pursuant to section 1121(d) of the Bankruptcy Code.

5. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

6. The requirements set forth in Local Rule 9013-1(b) are satisfied.

7. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

Dated: August 18, 2020
New York, New York

*/s/ Sean H. Lane*
The Honorable Sean H. Lane
United States Bankruptcy Judge

SC1:5279779.1